# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

SANTIAGO RAMIREZ MARTINEZ )
)
v. ) Case No. CV412-091
)
STATE OF GEORGIA )

## REPORT AND RECOMMENDATION

Convicted in state court, Santiago Ramirez-Martinez has filed in this Court what at most is a "placeholder" 28 U.S.C. § 2254 habeas petition, to be "stayed and abeyed," while he exhausts his state collateral remedies.[1] Doc. 1. On the docket is his "Request" that the Clerk acknowledge his "Notice of Intent" to seek relief, presumably under § 2254, "as soon as a lawyer can be obtained,[2] or someone to guide me how to file *pro se* myself so as to reserve the right to appeal to your federal court level." *Id.* at 3 (footnoted added). He is off-base here.

Federal habeas review is only available after a petitioner has

---

[1] He does not cite it but the Court has located *Martinez v. State*, 314 Ga. App. 551, 555 (Ga. Ct. App. 2012) (conviction for trafficking in cocaine).

[2] Note that there is no federal constitutional right to counsel when collaterally attacking a conviction or sentence. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Barbour v. Haley*, 471 F.3d 1222, 1227-32 (11th Cir. 2006) (even defendants sentenced to death do not enjoy a constitutional right to post-conviction counsel).

> exhausted all available state remedies. 28 U.S.C. § 2254(b)(1)(A). However, in limited circumstances a petitioner may file a placeholder petition before fully exhausting his state remedies and stay the federal action while he completes exhaustion. *See Rhines v. Weber*, 544 U.S. 269, 270 (2005). This "stay-and-abeyance" procedure is only available where the petitioner can demonstrate good cause for his failure to exhaust his claims. *Id*. Even where good cause exists, the Court must conduct an initial review of the merits of the petition because the Court cannot grant a stay when the unexhausted claims are plainly meritless. *Id*.

*Massey v. Young*, 2012 WL 1926030 at * 1 (W.D.N.C. May 25, 2012).

Martinez has made no good cause showing, as he at most expresses anxiety about whether he must tell this Court about his state court collateral filings. He also may be misreading Georgia law, and thus erroneously believes that he must file a "Notice of Intent" to appeal in *this* Court. Under Georgia Supreme Court Rule 38, Martinez had ten days from the *Martinez* ruling to file a notice of intent to appeal to the *Georgia Supreme Court*. *See Boileau v. Duffy*, 2012 WL 2343866 at * 2 (M.D. Ga. May 11, 2012) (citing Rule 38 while explaining the federal one-year limitations period for filing a § 2254 petition and how that period is tolled when a petitioner keeps the ball rolling in state court until he exhausts all

state court remedies).³  No such obligation exists here.

What Martinez did file, then, is a dismissible legal nullity. The Court thus grants (for jurisdictional purposes) his implied *in forma pauperis* motion, doc. 1, construes Santiago Ramirez-Martinez's "Request" (doc. 1) as a 28 U.S.C. § 2254 "placeholder" habeas petition, and concludes that it be **DENIED WITHOUT PREJUDICE** to his right to timely file an exhausted § 2254 petition.

**SO REPORTED AND RECOMMENDED**, this 31st day of October, 2012.

```
_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA
```

---

³  As that court explained, petitioners like Martinez must act promptly after their conviction is affirmed on direct appeal. They must promptly file a *state* habeas petition, timely exhaust that remedy, then promptly file their § 2254 petition here:

> The one-year period of limitations runs until the petitioner files a state motion for post-conviction relief. Once the petitioner files a motion for post-conviction relief, the tolling of the one-year time period begins. 28 U.S.C. 2244(d)(2). The one-year period then resumes running when the state's highest court issues a mandate disposing of the motion for post-conviction relief. *Lawrence v. Florida*, 549 U.S. 327, 331–32, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007).

*Boileau*, 2012 WL 2343866 at * 1; *Futch v. United States*, 2012 WL 4009710 at * 1 (S.D.Ga. Sep. 12, 2012) (each movant must "keep the ball moving at all times.").